Loan Number: 0092727999 - 9703

# ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY. THIS LOAN HAS A PREPAYMENT PENALTY PROVISION.

| January 24, 2006 | Rolling Meadows | IL |
|---|---|---|
| Date | City | State |

215 S BUCHANAN STREET, SPRING LAKE, MI 49456
Property Address

1. **BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 124,450.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **Argent Mortgage Company, LLC.**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 9.200 %. This interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on March 1, 2006.
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on, February 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my payments at:   505 City Parkway West, Suite 100, Orange, CA 92868

   or at a different place if required by the Note Holder.
   (B) Amount of My Initial Monthly Payments
   Each of my initial monthly payments will be in the amount of U.S. $ 1,019.32. This amount may change.
   (C) Monthly Payment Changes
   Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   (A) Change Dates
   The interest rate I will pay may change on the first day of, February, 2008 and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
   (B) The Index
   Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."
   If at any point in time the Index is no longer available, the Note Holder will choose a new Index that is based upon comparable information. The Note Holder will give me notice of this choice.
   (C) Calculation of Changes
   Before each Change Date, the Note Holder will calculate my new interest rate by adding six percentage point(s) (6.000%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eight of one percent (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

Initials: _____

Loan Number: 0092727999 - 9703

9. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. **WAIVERS**
I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. **UNIFORM SECURED NOTE**
This Note is a uniform instrument with limited variations in some jurisdictions. In addition, to the protections given to the Note Holder under this Note, A Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That the Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without the Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonable determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition of Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Oral agreements, promises or commitments to lend money, extend credit, or forbear from enforcing repayment of a debt, including promises to extend, modify, renew or waive such debt, are not enforceable. This written agreement contains all the terms the Borrower(s) and the Lender have agreed to. Any subsequent agreement between us regarding this Note or the instrument which secures this Note, must be in a signed writing to be legally enforceable.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____Darlene J Penno_____(Seal)    _____(Seal)
Borrower  DARLENE J PENNO               Borrower

_____(Seal)    _____(Seal)
Borrower                                Borrower

LIBER 5102 PG 833



0006305
Filed/ Sealed For Record In
Ottawa County, MI
Gary Scholten R.O.D.
02/10/2006 At 3:51:22 P.M.
MORTGAGE $71.00
Liber 005102 Page 00833

*0006305*

20
3LT

# MORTGAGE

Return To:

Argent Mortgage Company, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt 19 North
Palm Harbor, FL 34683

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated January 24, 2006 ,
together with all Riders to this document.
(B) "Borrower" is DARLENE J PENNO, A Single Woman

Borrower's address is 215 S BUCHANAN STREET, SPRING LAKE,MI 49456
. Borrower is the mortgagor under this Security Instrument.

MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3023 1/01

0092727999 - 9703

AM6MI (0310)
Page 1 of 16          Initials: djp          01/24/2006 10:12:28
VMP Mortgage Solutions (800)521-7291

AM6MI01 (05/2005)Rev.03

(C) "Lender" is Argent Mortgage Company, LLC

Lender is a **Limited Liability Company**
organized and existing under the laws of **Delaware**
Lender's address is **3 Park Plaza - 10th Floor  Irvine, CA 92614**

Lender is the mortgagee under this Security Instrument.
(D) "**Note**" means the promissory note signed by Borrower and dated **January 24, 2006**
The Note states that Borrower owes Lender **one hundred twenty-four thousand four hundred fifty and 00/100** Dollars
(U.S. $ **124,450.00**   ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **February 1, 2036**
(E) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(H) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "**Escrow Items**" means those items that are described in Section 3.
(L) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(M) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(N) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

Initials: _____

AM6MI (0310)                    Page 2 of 16                    Form 3023 1/01

0092727999 - 9703

01/24/2006 10:12:28

AM6MI02 (05/2005)Rev.03

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County                        [Type of Recording Jurisdiction]
of OTTAWA                        [Name of Recording Jurisdiction]:
EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF:

Parcel ID Number: 700315385015                 which currently has the address of
215 S BUCHANAN STREET                                                      [Street]
SPRING LAKE                                    [City], Michigan 49456     [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Initials: _____

AM6MI (0310)                        Page 3 of 16                        Form 3023 1/01

0092727999 - 9703

01/24/2006 10:12:28

AM6MI03 (05/2005)Rev.03

LIBER 5102 PG 847

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          *Darlene J Penno* _____ (Seal)
                                          DARLENE J PENNO          -Borrower

_____          _____ (Seal)
                                                                   -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                  -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                  -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                  -Borrower

AM6MI (0310)                    Page 15 of 16                    Form 3023 1/01

0092727999 - 9703

01/24/2006 10:12:28

AM6MI15 (05/2005)Rev.03

**EXHIBIT A**
**PROPERTY DESCRIPTION**

The land referred to in this instrument, situated in the Village of Spring Lake, County of Ottawa, State of Michigan, is described as:

Lot 8, Block 2, Haire, Tolford and Hancock's Addition to the Village of Spring Lake, according to the recorded plat in Liber 1 of Plats, Page 70, Ottawa County Records, except the West 42 feet in width East and West of the West end of said Lot 8.

P.P. #   70-03-15-385-015

*djp*

05-1233849

LIBER 5252 PG 168

```
0037670
Filed/ Sealed For Record In
Ottawa County, MI
Gary Scholten R.O.D.
08/30/2006 At 1:25:39 P.M.
ASSIGNMENT OF MTG    $17.00
Liber 005252  Page 00168
```

# ASSIGNMENT OF MORTGAGE

This ASSIGNMENT OF MORTGAGE is made and entered into as of the 18 day of Aug, 2006 from **ARGENT MORTGAGE COMPANY, LLC** whose address is C/O Ameriquest Mortgage Company 505 City Parkway, West Orange, CA 92868 ("Assignor") to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT MORTGAGE SECURITIES, INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2006-W3 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MARCH 1, 2006, WITHOUT RECOURSE** whose address is C/O Ameriquest Mortgage Company 505 City Parkway, West Orange, CA 92868 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assigns, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the rights, title and interest of said Assignor in and to the following instrument describing land therein, duly recorded in the Office of the County Recorder of **OTTAWA** County, State of MICHIGAN, as follows:

Mortgagor:          Darlene J Penno, A Single Woman
Mortgagee:          Argent Mortgage Company, LLC
Document Date:      01/24/06
Date Recorded:      02/10/06
Book/Volume/Docket/Liber: 5102
Page/Folio:         833
Tax I.D.:           70-03-15-385-015
Property Address:   215 S Buchanan Street, Spring Lake MI 49456
Property described as follows:

The land referred to in this instrument, situated in the Village of Spring Lake, County of Ottawa, State of Michigan, is described as:
Lot 8, Block 2, Haire, Tolford and Hancock's addition to the Village of Spring Lake, according to the recorded plat in Liber 1 of Plats, Page 70, Ottawa County Records, except the West 42 feet in width East and West of the West end of said Lot 8.

Together with any and notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with the interest thereon, and attorney's fees and all other charges.

This Assignment is made without recourse, representation or warranty.

ARGENT MORTGAGE COMPANY,
LLC by AMC Mortgage Services, Inc., as
Authorized Agent

BY: _____
Tamara Price
Authorized Agent

Witnesses:

(1) _____
Name: Erik Jimenez

(2) _____
Name: Madeline Reveles

STATE OF CALIFORNIA        )
                           )SS.
COUNTY OF ORANGE           )

On ___8/18___, 2006, before me, the undersigned Notary Public, personally appeared Tamara Price, known to me to be representative of Argent Mortgage Company, LLC by AMC Mortgage Services, Inc., as Authorized Agent, the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity and that by his/her signature on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

Witness my hand and official seal.    _____
                                      (Notary Signature)

Prepared by and When recorded return to:
Potestivo & Associates, P.C.
Brian A. Potestivo
811 South Blvd. Suite 100
Rochester Hills, MI 48307
Our File No: 06-52255

DANA A. ROSAL
Commission # 1510096
Notary Public - California
Orange County
My Comm. Expires Aug 27, 2008